UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES EDWARD CENTER, JR.,**
**Plaintiff,**
v.
**JEH JOHNSON, SECRETARY,**
**DEPARTMENT OF HOMELAND SECURITY**
**(CUSTOMS AND BORDER PROTECTION AGENCY),**
**Defendant.**
_____/

### PLAINTIFF CHARLES EDWARD CENTER, JR.'S COMPLAINT

Plaintiff, Charles Edward Center, Jr., by and through his undersigned counsel, files this, his complaint against Defendant, Jeh Johnson, Secretary, Department Of Homeland Security (Customs and Border Protection Agency) (hereinafter, "Defendant" or "Agency"), an employer as defined in the state of Florida, and states as follows in support thereof:

### NATURE OF THE ACTION

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by Sections 501 and 504 of the Rehabilitation Act of 1973 29 U.S.C. §§ 701 et seq.

### PARTIES

2. Charles Edward Center, Jr.is an individual currently residing in Dover, Florida. He is a citizen of the United States and a resident of the state of Florida. Plaintiff is a person entitled to protection pursuant to the provisions of the Rehabilitation Act of 1973 29 U.S.C. §§ 701 et seq.

3. During all relevant times, Plaintiff Charles Edward Center, Jr. was an employee of Defendant.

4. Defendant is an agency of the federal government with a place of business in Tampa, Florida.

5. At all times relevant to the allegations in this Complaint, Defendant operated from a facility in Tampa, Florida.

6. Defendant is engaged in many task involved in securing the United States, including ships entering U.S. ports.

7. At all relevant times, Defendant employed more than 75 people. Defendant was the employer of Plaintiff Charles Edward Center, Jr. at all times relevant to this action.

## JURISDICTION

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the Rehabilitation Act of 1973 29 U.S.C. §§ 701 et seq. This Honorable Court has jurisdiction over this matter as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution and poses a question of federal law.

9. The Tampa District Court is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(l) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## VENUE

10. The unlawful employment practices alleged below were within the state of Florida, in Tampa. Accordingly, venue lies in the United States District Court for the Middle District of Florida, Tampa Division under 29 U.S.C. § 1391(b) and 28 U.S.C. § 1391(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff Charles Edward Center, Jr. timely filed this action, as was his right, after receiving a written appeal decision from the U.S. Equal Employment Opportunity Commission, Office of Federal Operations. A copy of said decision is attached hereto and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though set forth in full. Plaintiff regrets said EEOC has failed to effect voluntary compliance with the requirements of the Rehabilitation Act of 1973 29 U.S.C. §§ 701 et seq. on the part of said Defendant.

While Defendant Agency filed a request for reconsideration to the above referenced order, the EEOC has failed to issue a response for over 180 days. Further, Defendant Agency has refused to comply with the portions of the above referenced order that instructed a remand and acceptance of Defendant's discrimination complaint within 180 days; both necessitating the instant action.

This action follows 8:15-cv-643-T-23AEP, dismissed without prejudice for failure to properly timely serve on Defendant.  In the time since that action was filed to present, the issues of response from EEOC and the failure to remand and accept by the Defendant Agency listed above remain outstanding issues necessitating the instant action.

## STATEMENT OF FACTS

12.     Plaintiff Charles Edward Center, Jr., age 64, is a customs and border protection vecs specialist (CBP). He was scheduled to return to duty after an approved workers compensation leave through the Office of Worker' Comp Programs (OWCP). He was informed on or about April 21, 2009 that a full time permanent position was available as a CBP Technician at a rate of GS-7/10. Plaintiff was a GS-11, step 6 and later found out there were 2 full-time GS-11 positions

available on that date he was not informed of. There are considerable pay and benefit differences. He asked if something at his current GS-11 rate was available and was told no. Plaintiff has neck, bilateral upper extremity, low back and bilateral lower extremity pain and paresthesia injuries resulting from the service connected injury in 1999. He has physical limitations with ambulating, difficulty standing from the sitting position, cautious walking, positive facetogenic pain; cervical and lumbar; positive discogenic pain, muscle spasms, decreased range of motion of cervical and lumbar spine. Plaintiff s disability is permanent.

13. This behavior by the employing Agency violated the Department of Labor's Division of Federal Employees' Compensation (DFEC) §8151, Civil Service Retention Rights. Further, Plaintiff never received from the Agency or OWCP, a letter containing the right of refusal, with a job offer or a description of the suitability thereof to the Plaintiff s level of work prior to his injury.

14. Plaintiff was diagnosed in 2010 with severe range of depression.

15. Plaintiff was a former CBP officer with over twenty years in the field. He is also a military veteran, serving in the Army at Fort Hood, TX from 1969-1970.

16.     There was a great deal of violence at Fort Hood due to large number of soldiers returning from Vietnam. As a result of what he experienced, Plaintiff has PTSD-like symptoms.

17. Plaintiff was first injured on the job with this employer in 1999. He also had an OWCP leave of absence for 10 months in 2006. He was injured and not able to return as a CBP officer until 2009. Not all his disabilities are workers compensation related.

18. Plaintiff was only made a GS-9, step 10 Clearance Specialist in June 2011 as a result of a union inquiry in July 2010. In pleadings before the EEOC, Defendant agency claimed this promotion was "an attempt to rectify an oversight." Apparently, Plaintiff was not promoted to his full GS-11 grade level until late December, 2011.

19. By not making Plaintiff a rightful GS-11, step 6 when he first returned to duty in 2009, or even when he was reclassified in 2011, Plaintiff was wrongfully delayed in being rightfully classified as a GS-11, step 7 and 8. He incurred damages as a result in the form of lost wages, benefits as well as physical and mental anguish.

20. Effective June 21, 2011 Plaintiff was promoted to Vessel Entry & Clearance Specialist and made a GS-9, step 10. He was not provided back pay for the difference to GS- 11, step 6 relating back to May 24, 2009, his return to work from OWCP date.

21. As a result, Plaintiff filed his first EEO complaint based on age, disability and retaliation in or about February 2012 after meeting with management.

## STATEMENT OF CLAIMS COUNT I: RETALIATION

22. Plaintiff Charles Edward Center, Jr. realleges and incorporates in this Count I Paragraphs 1 through 21.

23. This is a cause of action for retaliation under the Rehabilitation Act of 1973 29 U.S.C. §§ 701 et seq.

24. Plaintiff Charles Edward Center, Jr. engaged in the statutorily protected activities of accepting the work offered him by the Defendant Agency, inquiring as to availability of suitable work at his compensation grade level and filing an inquiry. He suffered adverse employment

actions of denial of his earned rightful compensation grade level for years of work and hired for a lower position. The causal link between these events is demonstrated, at least in part, by the close proximity in time between these events. But ·for the discrimination and retaliation by the Defendant's agents toward Plaintiff Charles Edward Center, Jr., he would be employed at the proper compensation level.

25. Defendant's refusal to return Plaintiff Charles Edward Center, Jr. to his proper compensation grade level and to make the compensation retroactive to s return to work from OWCP in 2009 was in retaliation against Plaintiff Charles Edward Center, Jr.

## COUNT II: DISABILITY DISCRIMINATION

26. Plaintiff Charles Edward Center, Jr. reavers and incorporates by reference all of the allegations set forth in paragraphs 1 through 21 herein.

27. Plaintiff Charles Edward Center, Jr. suffers from neck, back and depression disabilities. These constitute physical impairments that substantially limits one or more major life activities. He both has a record of such impairment and was regarded by his employer as being so impaired.

28. Plaintiff Charles Edward Center, Jr.'s disabilities were both a determining factor and the but for cause of Defendant's decision to hire for lessor position and refusal to adequately position and compensate Plaintiff.

29. Defendant knowingly and willfully discriminated against Plaintiff Charles Edward Center, Jr. on the basis of his disabilities in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§701 et seq., justifying an award, inter alia, of backpay, front pay, benefits and compensatory and liquidated damages against Defendant.

30. Plaintiff is disabled under the Rehabilitation Act of 1973 29 U.S.C. §§701 et seq. Charles Edward Center, Jr. was a qualified individual with accommodations for his position and entitled to his prior earned compensation grade level. By creating the adversity of being hired back wrongfully at a much lower compensation grade because of these disabilities, Plaintiff Charles Edward Center, Jr. was unlawfully discriminated against because of his disabilities. His disabilities substantially limit one or more major life activities: ambulating, difficulty standing from the sitting position, cautious walking, positive facetogenic pain; cervical and lumbar; positive discogenic pain, muscle spasms, decreased range of motion of cervical and lumbar spine. Plaintiff s disability is permanent. He was regarded by the Defendant as being disabled. He was denied his proper compensation grade level and not given back-compensation, proper retirement compensation, etc.

## COUNT III: AGE DISCRIMINATION

31. Plaintiff Charles Edward Center, Jr. alleges and incorporates in this Count III paragraphs 1-21.

32. Plaintiff Charles Edward Center, Jr.'s age (64) was a determining factor in Defendant Agency's decision to offer him work at a substantially lower compensation grade level than he was entitled to, and to not remedy the situation since 2009.

33. Defendant Agency knowingly and willfully discriminated against Plaintiff Charles Edward Center, Jr. the basis of his age in violation of the Rehabilitation Act of 1973 29 U.S.C. §§701 et seq.

## DAMAGES

34. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff Charles Edward Center, Jr. has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, payment for insurance and various other expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## INJUNCTIVE RELIEF

35. Plaintiff Charles Edward Center, Jr. restates, realleges, reavers and hereby incorporates by reference any and all allegations of paragraphs 1 through 21, inclusive, herein. In addition, Plaintiff Charles Edward Center, Jr. alleges that Defendant's discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with law. It is suggested that the injunction be specific in enjoining Defendant and its employees, agents and representatives.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Charles Edward Center, Jr. respectfully prays for judgment against Defendant as follows:

A. For a money judgment representing compensatory damages, including, lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B. For a money judgment representing punitive damages for Defendant's willful violations of law; liquidated (compensatory) damages pursuant to 29 U.S.C. §626(b);

C. For a money judgment representing prejudgment interest, if applicable;

D. Reinstatement and restoration of benefits upon conditions that Plaintiff Charles Edward Center, Jr. and supervisors be enjoined to comply with the law.

E.  That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable provisions;

F.  For lost monies and damages pertaining to out-of-pocket expenses, especially related to, but not limited to, medical expenses, and loss of retirement benefits;

G.  For suit costs, including an award for reasonable attorney's fees, expert fees; and for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff Charles Edward Center, Jr. herein demands a trial by jury of all issues in this Action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated this 9th day of September, 2015.

_____
Kevin F. Sanderson, Esq.
Florida Bar No. 598488
Kevin F. Sanderson, Chartered
690 South Tamiami Trail
Osprey, Florida 34229
Tel: (941) 244-0468
Fax: (941) 219-4224
kevin@srqattorney.com
Trial Attorney for Charles Edward Center, Jr.



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Charles Center,
Complainant,

v.

Jeh Johnson,
Secretary,
Department of Homeland Security
(Customs and Border Protection),
Agency.

Appeal No. 0120123103

Agency No. HSCBP217712012

DECISION

Complainant filed a timely appeal with this Commission from the Agency's decision (Dismissal) dated June 25, 2012, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Vessel Entry and Clearance Specialist at the Agency's Office of Field Operations facility in Tampa, Florida. On March 21, 2012, Complainant filed a formal complaint alleging that the Agency subjected him to discrimination on the bases of disability (back injury), age (58-59[1] and 60-61 years at time of incidents), and reprisal for prior protected EEO activity under an EEO statute that was unspecified in the record when:

1. On December 23, 2011, management informed Complainant that his promotion to the position of Vessel Entry and Clearance Specialist, GS-1801, would be at the Grade 11, Step 6 level;
2. On April 21, 2009, management issued Complainant a "return to work" letter offering Complainant a position as a CBP Technician, GS-1802-7, which constituted a change to a lower-graded position from that of Complainant's

---

[1] Only Complainant's birth year is provided in the record, not the day or month.



previous position as a CBP Officer, GS-1895-11; and
3. Management continuously ignored Complainant's "return to work" and OWCP issues.

The Agency dismissed the claims for failure to state a claim, finding that the claims constituted collateral attacks on the negotiated grievance process. The Agency further found that the claims should be dismissed pursuant to 29 C.F.R. § 1614.107(a)(4) on the grounds that Complainant had previously chosen to pursue the claims under the negotiated grievance process instead of the EEO process.

## ANALYSIS AND FINDINGS

EEOC Regulations state that the agency shall dismiss a complaint where the complainant raised the matter in a negotiated grievance procedure that permits allegations of discrimination and the complainant first elected to pursue the non-EEO process. 29 C.F.R. § 1614.107(a)(4). In addition, the Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another proceeding, such as the negotiated grievance process. See Wills v. Department of Defense, EEOC Request No. 05970596 (July 30, 1998); Kleinman v. U.S. Postal Service, EEOC Request No. 05940585 (Sept. 22, 1994); Lingad v. U.S. Postal Service, EEOC Request No. 05930106 (June 25, 1993). We note, however, that the Agency has not presented sufficient evidence establishing that Complainant raised the matter in the negotiated grievance process, such as copies of the final grievance settlement or settlements or other grievance documents detailing the nature of any grievances he filed and the dates of such filings. The Commission has previously held in Ericson v. Department of the Army, EEOC Request No. 05920623 (January 14, 1993), that "the agency has the burden of providing evidence and/or proof to support its final decisions." See also Gens v. Department of Defense, EEOC Request No. 05910837 (January 31, 1992). In the instant case, the Agency has not met this burden.

On appeal, the Agency also argues that the claims should be dismissed for untimely EEO Counselor contact. With regard to claim 1, we note that the alleged discriminatory act occurred on December 23, 2011 while Complainant's Counselor contact was on February 1, 2012, which is within the 45 day limit, and hence timely. Furthermore, with regard to claim 2, we note that on January 29, 2009, the President signed the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 ("the Act"). The Act applies to all claims of discrimination in compensation, pending on or after May 28, 2007, under Title VII, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.,Title I and Section 503 of the Americans with Disabilities Act of 1990, and Sections 501 and 504 of the Rehabilitation Act of 1973. With respect to Title VII claims, Section 3 of the Act provides that:

> ...an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is

affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or part from such a decision or other practice.

Section 3 of the Act also provides that back pay is recoverable for Title VII violations up to two years preceding the "filing of the charge," or the filing of a complaint in the federal sector, where the pay discrimination outside the filing period is similar or related to pay discrimination within the filing period.

In the instant matter, we find that Complainant was affected by the application of an allegedly discriminatory compensation decision or practice each time he received a paycheck and thus timely contacted an EEO Counselor within 45 days of receiving a paycheck. Therefore, we find that the Agency's dismissal was improper.'

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we VACATE the Dismissal and REMAND the claim for further processing in according with this decision and the Order below.

## ORDER (E0610)

The Agency is ordered to process the remanded claims in accordance with 29 C.F.R. § 1614.108. The Agency shall acknowledge to the Complainant that it has received the remanded claims within thirty (30) calendar days of the date this decision becomes final. The Agency shall issue to Complainant a copy of the investigative file and also shall notify Complainant of the appropriate rights within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise resolved prior to that time. If the Complainant requests a final decision without a hearing, the Agency shall issue a final decision within sixty (60) days of receipt of Complainant's request.

A copy of the Agency's letter of acknowledgment to Complainant and a copy of the notice that transmits the investigative file and notice of rights must be sent to the Compliance Officer as referenced below.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (T0610)

This decision affirms the Agency's final decision/action in part, but it also requires the Agency to continue its administrative processing of a portion of your complaint. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision on both that portion of your complaint which the Commission has affirmed and that portion of the complaint which has been remanded for continued administrative processing. In the alternative, you may file a civil action after **one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or your appeal with the Commission, until such time as the Agency issues its final decision on your complaint. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other

5                                                                                   0120123103

security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

FEB 1 9 2014
Date

6                                                                                                              0120123103

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Charles Center
13151 U.S.Hwy 92
Dover, FL 33527

Antonios Paulos, Esq.
400 N Ashley Dr #2600
Tampa, FL 33602

U.S. Department of Homeland Security
Office for Civil Rights and Civil Liberties
245 Murray Ln., SW Bldg. 410
Mail Stop 0191
Washington, DC 20528

Executive Director, Office of Equal Opportunity
U.S. Customs and Border Protection
Ronald Reagan Building, Room 3.3D
1300 Pennsylvania Avenue, NW
Washington, DC 20229

FEB 19 2014
Date

*[signature]*
Compliance and Control Division